UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL 22,

    Plaintiff,

v.                                          Case No: 8:21-mc-91-WFJ-CPT

ANDREW LOUIS ALTMAN,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff International Brotherhood of Electrical Workers, Local 22's Motion for Order Requiring Defendant Andrew Louis Altman to Complete Florida Rule of Civil Procedure Form 1.977. Dkt. 4. Defendant did not file a response, rendering Plaintiff's motion unopposed under Local Rule 3.01(c). Upon consideration, the Court grants Plaintiff's motion.

In February 2020, the United States Bankruptcy Court for the District of Nebraska entered judgment in favor of Plaintiff and against Defendant in the amount of $10,000.00. Dkt. 1. Plaintiff registered the judgment in this Court on July 12, 2021. *Id.* At the time of the present motion's filing in March 2022, Defendant had only paid $200.00 toward the outstanding judgment. Dkt. 4 at 2.

Citing Federal Rule of Civil Procedure 69(a) and Florida Rule of Civil Procedure 1.560(b), Plaintiff asks that Defendant be ordered to complete Form 1.977 so that Plaintiff can obtain sufficient post-judgment discovery to execute on its judgment. *Id.* at 2.

Federal Rule of Civil Procedure 69(a) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). In other words, Federal Rule 69(a) gives Plaintiff "the choice of federal or state discovery procedures to conduct post-judgment discovery." *In re Clerici*, 481 F.3d 1324, 1337 (11th Cir. 2007). Turning to state discovery procedures, Florida Rule of Civil Procedure 1.560(b) specifies that "the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or other such reasonable time as determined by the court." Fla. R. Civ. P. 1.560(b). A judgment debtor's failure to obey such an order may constitute contempt of court. *Id.*

Based on the foregoing, Plaintiff is entitled to the relief it seeks. *See Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 298 F.R.D. 692, 693 (M.D. Fla. 2014) (granting judgment creditor's motion to require judgment debtors to complete Form 1.977); *Credit Suisse Sec. (USA) LLC v. Nash*, No. 14-80392-CV-

MIDDLEBROOKS, 2014 WL 12585650, at *1 (S.D. Fla. Oct. 3, 2014) (granting similar motion concerning foreign judgment). The Court therefore **GRANTS** Plaintiff's motion. Defendant shall complete Form 1.977 and its required attachments and provide them to Plaintiff's counsel within **forty-five (45) days** of this Order. The Clerk is directed to mail copies of the motion (Dkt. 4), Form 1.977 (Dkt. 4-1), and this Order to Defendant at the following address: 1902 Hawks View Dr., Ruskin, Florida 33570.

      **DONE AND ORDERED** at Tampa, Florida, on July 6, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record and Defendant